UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA ANDERSON and MARK JACKSON,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SERENITY GATHERING, LLC; SOLTRIBE CUISINE, LLC; and DOES 1 to 10, Inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.:  3:16-cv-02802-GPC-KSC<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND**<br><br>**[ECF No. 3.]** |

Before the Court is Plaintiffs Patricia Anderson and Mark Jackson's (collectively, "Plaintiffs'") motion to remand the instant case to state court. (Dkt. No. 3.) Defendant Serenity Gathering, LLC ("Defendant" or "Serenity") opposed the motion. (Dkt. No. 5.)

The Court deems Plaintiff's motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).  Having reviewed the parties' briefing and the applicable law, and for the reasons set forth below, the Court **DENIES** Plaintiffs' motion to remand.

## BACKGROUND

On September 15, 2016, Plaintiffs Patricia Anderson and Mark Jackson filed a Complaint against Serenity and Soltribe Cuisine, LLC ("Defendant" or "Soltribe") in the

Superior Court of the State of California, County of San Diego. (Dkt. No. 1 at 1–2.[1]) Plaintiffs' Complaint alleged state law causes of action. (Dkt. No. 1-2.) On November 15, 2016, Serenity removed the case to federal court on the basis of diversity jurisdiction. (Dkt. No. 1 at 1–4.) In its Notice of Removal, Serenity stated that removal was proper, as complete diversity of citizenship existed between Plaintiffs and Defendants, and the amount in controversy was satisfied. (*Id.*) Rather than listing the citizenship of each member of the limited liability companies, Serenity stated: (1) "Defendant SERENITY GATHERING, LLC is a Limited Liability Company that was organized and formed in Nevada and maintains its principal place of business in Las Vegas, Nevada," and (2) "Defendant SOL TRIBE CUISINE, LLC is a Limited Liability Company that was organized in Colorado and maintains its principal place of business in Colorado." (*Id.* at 2.)

Plaintiffs filed the instant motion to remand on December 5, 2016. (Dkt. No. 3.)

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court a claim filed in state court that could have initially been brought in federal court. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). As federal courts have limited jurisdiction, they are presumed to lack jurisdiction unless the contrary is established. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968–69 (9th Cir. 1981). A motion to remand is the procedure to challenge removal of an action to federal court. 28 U.S.C. § 1447(c). There is a presumption against removal, and the defendant has the burden to demonstrate that removal was proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

---

[1] All citations to the record are based upon the pagination generated by the CM/ECF system.

**DISCUSSION**

**I.     Motion to Remand**

Plaintiffs allege several grounds for remanding the instant action back to state court.  First, Plaintiffs assert that alleging citizenship "on information and belief" is insufficient to establish diversity jurisdiction.  (Dkt. No. 3-1 at 3 (citing *Bradford v. Mitchell Bros. Truck Lines*, 217 F. Supp. 525, 526–27 (N.D. Cal. 1963).)  Specifically, Plaintiffs reference ¶ 6 of the Declaration of Andrew B. Kleiner, filed concurrently with Serenity's Notice of Removal:

> Based upon information and belief, SOL TRIBE CUISINE, LLC is now, and was at the time of the filing of this action, a citizen of a State other than California within the meaning of 28 U.S.C. § 1332(c)(l), because it is a business entity organized under the laws of the State of Colorado, with its principal place of business also in Colorado.  On November 11, 2016, I performed internet research on the Colorado Secretary of State's website where it listed SOL TRIBE CUISINE, LLC as an active limited liability company legally operating as a business in Colorado.

(Dkt. No. 1-2 at 1–2, ¶ 6.)  Second, Plaintiffs contend that Serenity relied upon an incorrect legal test to determine the citizenship of Defendants, both of which are limited liability companies.  (Dkt. No. 3-1 at 3–4.)  Third, Plaintiffs dispute Serenity's argument that removal was proper because it was unaware of whether Soltribe Cuisine had been served.  (*Id.* at 4.)  Finally, Plaintiffs contend that Serenity may not belatedly seek to correct the deficiencies in its Notice of Removal.  (*Id.* at 5.)

Serenity opposes Plaintiffs' motion to remand on several grounds.  First, Serenity asserts that there is and has always been complete diversity of citizenship between Plaintiffs and Defendants.  (Dkt. No. 5 at 2–4.)  Second, Serenity acknowledges that its allegations of Defendants' citizenship fall short of establishing diversity in its original Notice of Removal, but asserts that Serenity is not precluded from perfecting its allegations now.  (*Id.* at 5–9.)  Specifically, Serenity states that it did not receive a pleading that triggered the thirty-day removal period, and that even assuming the thirty-day removal period were triggered, amendment of the defects in its removal notice is

permissible under Ninth Circuit law.  (*Id.*)  Serenity additionally notes that Plaintiffs' failure to deny the facts alleged in Serenity's Notice of Removal constitutes admission of those facts.  (*Id.* at 9.)

Serenity has established in its opposition brief that complete diversity of citizenship exists between Plaintiffs and Defendants.  For purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  At all relevant times, Serenity has consisted of two members: Mimi McGee and Brandon Beebe.  (Dkt. No. 5 at 2; Dkt. No. 5-1 at 1, ¶ 2.)  Ms. McGee is domiciled in Utah, (Dkt. No. 5 at 3; Dkt. No. 5-1 at 2, ¶ 5), and Mr. Beebe is domiciled in Nevada (Dkt. No. 5 at 3; Dkt. No. 5-1 at 2, ¶ 6).  As for Soltribe, Serenity has confirmed that at all relevant times, Soltribe has consisted of a single member—Keshava Rossi—who is domiciled in Colorado.  (Dkt. No. 5 at 4; Dkt. No. 5-1 at 2–3, ¶ 8.)  Complete diversity of citizenship thus existed at the time of removal between Plaintiffs, who are citizens of California, and Defendants, who are citizens of Utah, Nevada, and Colorado.

In addition, Serenity correctly asserts that it timely removed the case.  28 U.S.C. § 1446(b)

> provides two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper "from which it may first be ascertained that the case is one which is or has become removable" if "the case stated by the initial pleading is not removable."

*Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)).  In the case of an "indeterminate pleading," from which "it is unclear from the complaint whether the case is removable, i.e., the citizenship of the parties is unstated or ambiguous," the "thirty day time period for removal starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction."  *Harris*, 425 F.3d at 690–93 (internal citation, quotation marks, and alteration omitted).  Moreover, a defendant may "remove

outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

Here, neither of the thirty-day periods for removal has expired or begun to run under 28 U.S.C. § 1446(b). Plaintiffs' Complaint is an "indeterminate pleading," as nothing within the four corners of the Complaint indicates Defendants' citizenship. As such, the first thirty-day window did not begin to run upon Serenity's receipt of the initial pleading. For this reason, *Barnhill v. Ins. Co. of N. Am.*, 130 F.R.D. 46, 52 (D.S.C. 1990) (denying defendant leave to amend its removal petition after the statutory period for removal under 28 U.S.C. § 1446(b) had expired), which Plaintiffs cite to argue that Serenity may not amend its removal allegations, is distinguishable. Furthermore, Serenity has not received "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Rather, Serenity removed the instant case on the basis of its own information and its investigation of Soltribe's citizenship. (Dkt. No. 5 at 6.) Accordingly, the second thirty-day removal window has also not begun to run.

Where "the requisite jurisdictional allegations are not omitted entirely, but rather are merely defective in form," the Ninth Circuit has allowed for the amendment of removal petitions. *Kacludis v. GTE Sprint Commc'ns Corp.*, 806 F. Supp. 866, 869 (N.D. Cal. 1992); *accord Geerlof v. C & S Wholesale Grocers, Inc.*, No. 2:13-CV-02175-MCE-KJ, 2014 WL 1415974, at *2 (E.D. Cal. Apr. 14, 2014) ("The majority of courts … allow defendants to amend defective allegations of jurisdiction in their notice as long as the initial notice of removal was timely filed and sets forth the same legal grounds for removal." (internal citation and quotation marks omitted)). The Ninth Circuit has permitted defendants to amend their removal allegations to cure defects similar to the ones in the instant case. *See, e.g.*, *Luehrs v. Utah Home Fire Ins. Co.*, 450 F.2d 452, 454 (9th Cir. 1971) (granting leave to amend removal petition, where defendant corporation removed on the basis of diversity jurisdiction, but failed to state plaintiff's state of

citizenship and failed to list its own principal place of business); *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 318 (9th Cir. 1969) (allowing amendment where defendant corporation removed on the basis of diversity jurisdiction and merely stated that it was a citizen of New York, rather than disclosing its state of incorporation and principal place of business); *London v. Standard Oil Co. of California*, 417 F.2d 820, 822 (9th Cir. 1969) (permitting amendment of removal petition to cure inadequate allegation of the citizenship of the defendant corporation). Here, as discussed *supra*, Serenity timely removed the instant action and alleged, albeit imperfectly, that complete diversity of citizenship existed between the parties. (*See* Dkt. No. 1 at 2–3; Dkt. No. 1-2 at 1–2, ¶¶ 5–6.) Now, it maintains the same legal grounds for removal—diversity jurisdiction—and seeks to amend its imperfect allegations of citizenship in a manner consistent with Ninth Circuit precedent. *See Geerlof*, 2014 WL 1415974, at *5. As such, the Court **DENIES** Plaintiffs' motion to remand and **GRANTS** Serenity leave to amend its Notice of Removal. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial . . . courts.").

## II.   Attorney's Fees

Plaintiffs move the Court to order Serenity to pay attorney's fees in the amount of $4,550.00, arguing that Defendant lacked any objectively reasonable basis for removal. (Dkt. No. 3-1 at 5.) Serenity opposes Plaintiffs' demand. (Dkt. No. 5 at 9–11.) In light of the Court's denial of Plaintiffs' motion, the Court **DENIES AS MOOT** Plaintiffs' request for attorney's fees.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion to remand and **DENIES AS MOOT** Plaintiffs' request for attorney's fees. (Dkt. No. 3.) Serenity may amend its Notice of Removal to perfect its defective allegations by February 3, 2017.

**IT IS SO ORDERED.**

/ / / /

1  Dated: January 18, 2017

Hon. Gonzalo P. Curiel
United States District Judge